# SCHAEFFER *v.* DRURY.

---

DEEDS; CANCELATION; EVIDENCE; SUFFICIENCY; APPEAL AND ERROR.

1. A deed of real estate executed by a man ninety-seven years of age, while confined in a hospital, to his niece for life, with remainder to her daughter, in consideration of $10 and natural love and affection, will not be set aside upon the grantor's testimony that he was told, and thought, that it was a will, where, inconsistently therewith he testifies that he never authorized anyone to draw either a deed or will, and it appears that a few days after the execution of the deed he executed a will confirming the deed, and his physician testifies that he sent a lawyer to the grantor at the latter's request, and the lawyer testifies that he, without avail, advised the grantor to make a will rather than a deed, and both the lawyer and the notary who took the acknowledgment testify that the deed was fully read and explained to the grantor before he executed it, and that he fully understood what he was doing, and stated that he made the conveyance in appreciation of his niece's kindness to him.

2. An appeal by the grantees in a deed from a decree setting aside the
deed will not be dismissed merely because the appellants, instead of
staying the decree by giving a supersedeas bond, reconveyed the land
to the appellee, giving notice that the conveyance was made in com-
pliance with the decree, and without prejudice to their rights on
appeal, since the conveyance in such circumstances was involuntary,
and will become a nullity upon the reversal of the decree.

No. 2616.   Submitted February 5, 1914.   Decided April 6, 1914.

HEARING on an appeal by the defendants from a decree of
the Supreme Court of the District of Columbia setting aside
and vacating a deed to certain real estate, and on a motion to
dismiss the appeal.

*Motion to dismiss denied and decree reversed.*

The facts are stated in the opinion.

*Mr. Lorenzo A. Bailey* and *Mr. George H. Calvert, Jr.,* for
the appellants.

*Mr. Walter C. Balderston* and *Mr. D. W. Baker* for the ap-
pellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellee, John H. Drury, plaintiff below, filed a bill in
equity in the supreme court of the District of Columbia praying
for the cancelation of a deed to certain real estate in this Dis-
trict, by the terms of which he had conveyed the property to de-
fendant Rose M. Schaeffer, his niece, for life, with remainder
in fee to her daughter, Hilda Vernon Schaeffer. On the facts
the court below gave a decree sustaining the bill and requiring
defendants to reconvey the property to plaintiff, from which
decree this appeal was prosecuted.

It appears that, at the time of the execution of the deed in
question, plaintiff was about ninety-seven years of age, and was
confined in a hospital in this city, being at the time in feeble
health. His physician testified that plaintiff requested him to

recommend an attorney whom he could get to transact some business for him. The physician recommended an attorney, and plaintiff asked him to send the attorney to the hospital. This was done. When the attorney came to the hospital, he found plaintiff in bed. When informed by plaintiff that he wished to deed the property in question to the defendants without other consideration than that named in the deed,—"$10, and natural love and affection,"— the attorney counseled with him as to what other property he had, and testified that he advised him to provide for the defendants in his will, and not deed away his property. Upon plaintiff's insisting that a deed should be drawn, the attorney suggested a notary would have to be procured. Defendant Rose M. Schaeffer, who was at the hospital at the time, but who had been requested by the attorney to leave the room while he talked with plaintiff, was sent for a notary. A notary was procured, whom defendant had never before seen. When he arrived, the attorney had the deed prepared, and asked him to carefully acquaint plaintiff with the nature of the instrument. The attorney testified that he read the deed to plaintiff and explained it to him before the arrival of the notary, and the notary testified that he explained it to plaintiff and read it twice to him before taking his acknowledgment.

Some days later, plaintiff again sent for the attorney, and had him prepare a will, in which he confirmed the conveyance here in question. At the time of the trial, the will was still unrevoked. The testimony of his physician discloses no such condition at about the time of the execution of the deed as would indicate incompetency to understand fully the purport of what he was doing. The testimony of both the attorney and the notary is to the effect that the instrument was fully explained to him; that he fully understood at the time what he was doing, and that he gave as a reason for conveying the property that defendants had been good to him and that he wished to provide for them.

Plaintiff testified that he did not know that he was executing a deed; that he was told it was a will, and that he thought it was a will. This is hardly consistent with his subsequent conduct in sending for the attorney and having a will drawn, in

which he confirmed the conveyance. His testimony is in many respects irreconcilable. In one place, he testified as above stated, and in another that he never authorized anyone to draw either a will or a deed. No attempt was made to support the allegations of the bill that the deed was procured through the exercise of undue influence on the part of defendants. Upon the evidence as a whole, which it would serve no good purpose to review in detail, we think the court committed error in granting the prayer of the bill.

We are confronted with a motion to dismiss the appeal upon the ground that defendants have executed a deed to the property conveying it in fee simple to plaintiff, and have surrendered possession of the premises. The following appears in the record:

The plaintiff by his attorney hereby acknowledges that the defendants have executed and delivered to the plaintiff deed in fee simple conveying to him the real estate described in his bill of complaint, and also that the defendant Rose M. Schaeffer, on the 10th day of July, 1913, did remove from and deliver possession of said real estate to the plaintiff; all of which was in pursuance of and in conformity with the final decree of July 3, 1913, and without prejudice to the rights involved in the appeal from said decree.

July 11, 1913.

Walter C. Balderson,
Attorney for Plaintiff.

It is contended by counsel for plaintiff that, by the execution of this deed and delivery of possession, the decree has been fully satisfied, and nothing remains here for decision but a moot question. If what defendants did amounted to composing the differences arising in this suit, undoubtedly the motion should be granted. We are not convinced that what was done amounts to a voluntary settlement of the case. Defendants, upon noting an appeal, could have stayed the decree by giving a supersedeas bond, but, instead, they complied with the decree, with notice that it was done in pursuance of the decree and without prejudice to

their rights on appeal. Defendants could not be deprived of their right to appeal. The forcible execution of the decree could only be prevented by the giving of a supersedeas bond, which we must presume they were unable to do. Therefore, instead of permitting the decree to be enforced with the additional costs which would follow, they complied with the decree, without prejudice to their rights under the appeal already taken. Having done so, the situation is not different from what it would have been had defendants permitted the decree to be enforced. Their act was involuntary and falls with the reversal of the decree.

The decree is reversed with costs, and the cause is remanded with instructions to vacate the decree, and to enter a decree dismissing the bill and declaring the deed executed by defendants null and void.                    *Reversed* and *remanded.*

After the handing down of the opinion in this cause, and the issuance of this court's mandate to the lower court, the appellants in a motion filed by them to recall the mandate and modify the decree of this court, advised the court that the appellee had died subsequently to the argument and submission of the appeal but before the opinion was handed down, and that in the lower court objection had been made on behalf of the representatives of the deceased to the entering of a decree in accordance with the mandate. Thereupon this court recalled its mandate and modified its decree so as to make it take effect as of February 5, 1914, the date of the submission of the appeal, the decree being entered *nunc pro tunc.*

A petition on behalf of the representatives of the appellee for a rehearing was denied May 12, 1914.